**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| CRISTIAN HERNAN CHAVARRIA FUENTES, | ) |
| | ) |
| *Petitioner*, | ) |
| | ) |
| v. | )   1:25-cv-2050 (PTG/WEF) |
| | ) |
| TODD LYONS, *et al.* | ) |
| | ) |
| *Respondents*. | ) |

## <u>ORDER</u>

This matter comes before the Court on Petitioner Cristian Hernan Chavarria Fuentes'

Renewed Petition for Writ of Habeas Corpus. Dkt. 19. Petitioner is a citizen of El Salvador, who

has resided continuously in the United States since 2022. *Id.* at 2-3. According to the Petition, on

or about November 13, 2025, Petitioner was arrested by immigration officials and detained at the

Caroline Detention Center in Virginia, which is within this Court's jurisdiction and where

Petitioner remains. *Id.* On November 16, 2025, the Department of Homeland Security ("DHS")

reinstated a prior order of removal from 2014 against Petitioner, pursuant to 8 U.S.C. § 1231(a)(5).

*Id.* On February 5, 2026, an immigration judge vacated the DHS's negative reasonable fear

determination and placed Petitioner in withholding-only proceedings under 8 C.F.R. §

1208.31(g)(2). *Id.*

Petitioner now brings suit against Todd Lyons, the Acting Director of Immigration and

Customs Enforcement, and others, alleging that his continued detention past the 90-day removal

period under 8 U.S.C. § 1231(a)(6) violates his constitutional rights. Respondents contend that

Petitioner's detention is presumptively lawful under *Zadvydas v. Davis*. Dkt. 25 at 1 (citing 533

U.S. 678 (2001)). Upon consideration of the Renewed Petition (Dkt. 19), Respondents'

Opposition (Dkt. 25), and Petitioner's Reply (Dkt. 26), the Court concludes that Petitioner's detention does not violate due process. The Renewed Petition is **DENIED**.

Under 8 U.S.C. § 1231, which both parties agree applies here, the United States is provided ninety days to execute a removal upon a final order. The 90-day removal period begins on the latest of three dates: (1) the date the order becomes administratively final; (2) if the removal is judicially reviewed and the court orders a stay of the removal, the date of the court's final order; and (3) if the individual is detained or confined, the date of his release. 8 U.S.C. § 1231(a)(1)(B). Upon the lapse of the 90-day removal period, the government must "subject [the non-citizen] to [an order of] supervision under regulations prescribed by the Attorney General." *Id.* § 1231(a)(3).

Under *Zadvydas v. Davis*, the Supreme Court recognized the "serious constitutional concerns" arising from "indefinite detention" under § 1231. 533 U.S. 678 (2001). The Court held that § 1231 authorizes post-removal-period detention only for "a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 756; *see also* 8 U.S.C. § 1231(a)(6). It further concluded that a "reasonably necessary" period is presumptively six months. *Zadvydas*, 533 U.S. at 756; *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024) ("The *Zadvydas* standard is due process: a § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation."). After the presumptively reasonable six-month period, the burden shifts to the detained individual to demonstrate that "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Petitioner's reinstated order of removal became administratively final on November 16, 2025.[1] *Johnson v. Guzman Chavez*, 594 U.S. 523, 535 (2021) (stating that reinstated removals are

---

[1] Respondents aver that the six-month *Zadvydas* timeline began immediately upon Petitioner's detention on November 13, 2025, approximately four months ago. Dkt. 25 at 5. Even under

not appealable under 8 U.S.C. § 1231(a)(5) and become immediately administratively final). Taking Petitioner's assertions as true, Petitioner has only been detained for three weeks since his 90-day removal period lapsed on February 14, 2026, far below the presumptively reasonable six-month period under *Zadvydas*.[2]

Petitioner contends that the pending withholding-only proceedings make continued detention constitutionally impermissible because "[t]he reinstated removal order is [] not presently executable." Dkt. 19 at 5. In *Johnson v. Guzman Chavez*, the Supreme Court made clear that pending withholding-only proceedings do not otherwise affect the legality of the final removal order because those proceedings are specific to a particular country. 594 U.S. at 535-36. Indeed, the removal order "remains in full force, and DHS retains the authority to remove the alien to any other country authorized by the statute." *Id.* at 536. Further, whether or not removal is likely in the foreseeable future is relevant *after* the presumptively reasonable six-month period of detention under *Zadvydas*. 533 U.S. at 701. Therefore, relief here is premature.

---

Respondents' interpretation, Petitioner is within the window of reasonable detention under *Zadvydas*.

[2] Further, the Court rejects Petitioner's argument that Respondents failed to follow 8 C.F.R. § 241.4 in light of Respondents' evidence to the contrary. *See* Dkt. 25-2 (demonstrating written notice to Petitioner of continued detention under the regulation). Contrary to Petitioner's argument (Dkt. 26 at 2), Respondents' custody review complied with the regulations. On January 14, 2026, Respondents issued notice of the upcoming custody review. Dkt. 25-2 ¶ 5; 8 C.F.R. § 241.4(h)(2) (requiring notice of custody review be provided 30 days in advance of the review). On February 6, 2026, the 90-day post-order custody review was completed, and on February 11, 2026, Petitioner was served with the post-order custody review. Dkt. 25-2 ¶¶ 6-7; *see* 8 C.F.R. § 241.4(k)(2)(i) (stating the custody review must be conducted "**prior to** the expiration of the removal period") (emphasis added).

Accordingly, it is hereby

**ORDERED** that the Renewed Petition for Writ of Habeas Corpus (Dkt. 19) is **DENIED** and **DISMISSED without prejudice**.  If Petitioner remains detained after the presumptively reasonable six-month period, he may bring a renewed petition at that time; and it is further

**ORDERED** that Petitioner's Motion to Add Additional Party as Respondent (Dkt. 20) is **DENIED as moot**.

The Clerk is directed to forward copies of this Order to counsel of record and close this civil action.

Entered this /7 day of March, 2026.
Alexandria, Virginia

Patricia Tolliver Giles
United States District Judge

4